UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 07-352 |
| NEY SOLIS[1]<br>    a/k/a ENRIQUE ORDONEZ MENDEZ<br>    a/k/a GILBERTO CORDERO VELEZ<br>    a/k/a TITO | SECTION "N" |

## ORDER AND REASONS

Presently before the Court is a motion to vacate filed by Defendant pursuant to 28 U.S.C. §2255. See Rec. Docs. 660 and 674.[2] Having carefully considered the parties' submissions and applicable law, including the affidavit from Defendant's counsel, Steven Lemoine,[3] **IT IS ORDERED** that Defendant's motion is **DENIED** for essentially the reasons set forth in the Government's comprehensive and well-reasoned opposition memoranda (Rec. Docs. 670 and 677).[4]

---

[1] Although originally charged as under the name Enrique Ordonez Mendez, Defendant's correct name apparently is Ney Solis. See February 16, 2011 Sentencing Transcript (Sealed Rec. Doc. 668), p. 3.

[2] Defendant's October 14, 2014 motion for sentence reduction pursuant to 18 U.S.C. §3582(c) and Amendment 782 to the United States Sentencing Guidelines (Rec. Doc. 720) will be addressed by separate order.

[3] See Rec. Doc. 670-3.

[4] A petitioner's motion under 28 U.S.C. § 2255 will be dismissed without an evidentiary hearing if it can be concluded on the record as a matter of law that petitioner cannot

Regarding the knowing nature of Defendant's January 7, 2009 guilty plea, the Court additionally notes that, at his February 2011 sentencing, Defendant, in response to the Court's query, re-affirmed his desire to plead guilty notwithstanding the Court advising that his conviction would render deportation, if ordered by the United States Attorney General, presumptively mandatory.[5]  At sentencing, the Court also again found Defendant's guilty plea knowledgeable and voluntary as it had during the January 7, 2009 proceeding and confirmed that defense counsel was satisfied that Defendant was pleading guilty voluntarily and with full knowledge of consequences of his plea.[6]

Additionally, regarding the possible downward departure, pursuant to § 5H1.1 of the United States Sentencing Guidelines (U.S.S.G.), concerning "Mental and Emotional Conditions (Policy Statement)," asserted by Defendant in his motion, Defendant, at re-arraignment, informed the Court that he had been under the care of a doctor in the past, denied taking any medication at that

---

establish one or both of the elements necessary to establish his constitutional claim.  *United States v. Walker,* 68 F.3d 931, 934 (5th Cir. 1995)(citing *United States v. Acklen*, 47 F.3d 739, 743-44 (5th Cir. 1995)).  Discovery under § 2255 is limited, and the petitioner has not satisfied the "good cause" test of Rule 6 of the Rules Governing § 2255 Proceedings. See, e.g., *West v. Johnson*, 92 F.3d 1385, 1399-1400 (5th Cir. 1996) (conclusory allegations are not enough to warrant discovery; "the petitioner must set forth specific allegations of fact; Rule 6, which permits the district court to order discovery on good cause shown, does not authorize fishing expeditions") (citation and internal quotation marks omitted); *Murphy v. Johnson*, 205 F.3d 809, 817 (5th Cir. 2000) (permitting discovery or evidentiary hearing on "conclusory and speculative claim" would be "tantamount to a fishing expedition").

[5] See February 16, 2011 Sentencing Transcript (Sealed Rec. Doc. 668), pp. 4-6.  This query was made at the request of Assistant United States Attorney Emily Greenfield in light of the United States Supreme Court's opinion in *Padilla v. Kentucky*, 130 S. Ct. 1473, 1483 (2010) (addressing defense counsel's duty to advise a non-citizen defendant regarding the risk of deportation or removal in connection with a guilty plea).  As the transcript reflects, the Court additionally inquired whether Defendant wanted to discuss the matter further with his attorney or had questions for the Court.  Defendant did not.  See February 16, 2011 Sentencing Transcript (Sealed Rec. Doc. 668), p. 5.

[6] See February 16, 2011 Sentencing Transcript (Sealed Rec. Doc. 668), p. 6 ; January 7, 2009 Re-arraignment Transcript (Rec. Doc. 670-1), pp. 13-42.

time of sentencing, and expressly confirmed that he understood the purpose of that proceeding.[7] Thereafter, at sentencing, Defendant confirmed that he had read (or had read to him) the Pre-Sentence Investigation Report ("PSR"), reflecting that Defendant "stated that he has never been seen by mental health professionals and describes his overall mental and emotional health as good. There is no evidence to suggest otherwise."[8]

    Defendant also took advantage of the opportunity, at sentencing, to speak to the Court in mitigation of punishment prior to the imposition of sentence. During that time, Defendant made no reference to current or prior mental health concerns. Rather, he offered thanks to the Court, defense counsel, Government counsel, and FBI agent John Sablatura.[9] In any event, § 5H1.1 indicates that mental and emotional conditions may be relevant in determining whether a possible departure is warranted only if "such conditions . . . are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines."[10] There is no indication that such circumstances exist here. Rather, the Government's memoranda, the affidavit from defense counsel,[11] the re-arraignment and sentencing transcripts, particularly including the testimony offered at sentencing by Agent Sablatura, and the motion previously filed by the Government[12] strongly

---

[7]    See January 7, 2009 Re-arraignment Transcript (Rec. Doc. 670-1), pp. 15-16.

[8]    PSR, ¶76.

[9]    See February 16, 2011 Sentencing Transcript (Sealed Rec. Doc. 668), pp. at 9-10.

[10]    See U.S.S.G. § 5H1.3.

[11]    The Government's memoranda and defense counsel's affidavit reflect a reasonable investigation of the mental health concerns mentioned in Defendant's February 2010 letter to Government counsel. See Rec. Doc. 670 , pp. 4-5; Rec. Doc. 670-3.

[12]    See Sealed Rec. Docs. 651-52.

suggest the contrary. Given the foregoing, as well as the actual sentence imposed, the Court finds no basis to conclude that Defendant suffered any prejudice relative to the information provided to the Court regarding his mental health history.

Accordingly, for the reasons stated, the Court finds no basis to find that Defendant lacked mental competence at the time he entered his guilty plea or at sentencing, that Defendant's guilty plea was anything other than knowing or voluntary, or that Defendant's motion otherwise has merit. Accordingly, Defendant's motion is denied.

New Orleans, Louisiana, this 23rd day of January 2015.

**KURT D. ENGELHARDT**
**United States District Judge**